```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
UNITED STATES OF AMERICA,                :
                                         :
                                         :
                                         :   91 Cr. 812(JFK)
            -v-                          :   **MEMORANDUM**
                                         :   **OPINION AND ORDER**
                                         :
                                         :
KEVIN SPANN,                             :
                                         :
                      Defendant.         :
-----------------------------------------X
```
**JOHN F. KEENAN**, United States District Judge:

      Defendant Kevin Spann ("Spann"), proceeding pro se, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") § 1B1.10, in light of the recent retroactive amendments to the Guidelines that generally reduce the base offense levels for cocaine base ("crack") offenses. For the reasons set forth below, Spann is ineligible for a reduction in sentence under the amended Guidelines, and his motion is denied.

## BACKGROUND

      On June 12, 1992, following a jury trial, Spann was convicted of conspiracy to posses with intent to distribute 50 grams or more of crack, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and (C), 846, and 860(a) ("Count 1"); possession with intent to distribute crack within 1000 feet of a public school, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 860(a) and 18 U.S.C. § 2 ("Count 2"); possession

1

with intent to distribute cocaine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 860(a) and 18 U.S.C. § 2 ("Count 3"); use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 ("Count 4"); and possession of a firearm following three prior convictions for serious narcotic or violent offenses, in violation of 18 U.S.C. §§ 922(g), 924(e), and 18 U.S.C. § 2 ("Count 5").

At the sentencing hearing on November 4, 1992, this Court found that the drug conspiracy in which Spann participated sold approximately 6786 grams of crack, and that there were over 138 grams of crack found in Spann's apartment. This amount of crack, between five and fifteen kilograms, resulted in a base offense level of 40. See U.S.S.G. § 2D1.1(c)(2) (1991). A one point enhancement was imposed because the crimes involved a protected location. See U.S.S.G. § 2D.2(a)(1). The adjusted offense level of 41 and Spann's Criminal History Category of VI yielded an applicable Guidelines sentencing range of 360 months to life imprisonment. On each of Counts 1, 2, 3, and 5, the Court sentenced Spann to 360 months, with the sentences to run concurrently. In addition, pursuant to 18 U.S.C. § 924(c), Spann was sentenced to 60 months on Count 4, to run consecutively to the sentences on the other counts. On February 6, 2008, Spann filed the instant motion. His expected release date is November 6, 2022.

2

**DISCUSSION**

The retroactive crack amendment reduces by two points the base offense levels corresponding to the crack quantity ranges in U.S.S.G. § 2D1.1(c)'s Drug Quantity Table. See U.S.S.G. App. C, Amend. 706, as amended by Amend. 711 (eff. Nov. 1, 2007); § 1B1.10(c) (Mar. 3, 2008). The amended Guidelines range is calculated by substituting the amended provisions of § 2D1.1(c) and "leav[ing] all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). A sentence reduction is authorized only if retroactive application of the amendment would result in a lower applicable Guidelines range. See U.S.S.G. § 1B1.10(a); 18 U.S.C. § 3582(c)(2). If retroactively applying the amendment does not result in a lower applicable Guidelines range, the court lacks authority to grant a sentence reduction. See 18 U.S.C. § 3582(c)(2) (authorizing a sentence reduction only if it "is consistent with applicable policy statements issued by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(2) (stating that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range").

A sentence reduction is not warranted in this case because the retroactive application of the amended § 2D1.1(c) Drug Quantity Table would not result in a lower applicable Guidelines

range. After the two-point reduction, the amount of crack for which Spann was responsible now yields a base offense level of 38 rather than 40. Because all other Guidelines application decisions remain the same, the one-point enhancement imposed for the involvement of a protected place continues to apply, and the adjusted offense level is therefore 39. According to the Guidelines sentencing table in effect on the date of Spann's sentencing, the applicable Guidelines range for an offense level of 39 and a Criminal History Category of VI is 360 months to life imprisonment, the same range that applied before the crack amendment. As a result, Spann is not eligible for a sentence reduction. See U.S.S.G. § 1B1.10(a).

Spann also requests that the Court reduce his adjusted offense level from 41 to 31 in light of the Supreme Court's holdings in United States v. Booker, 543 U.S. 220 (2005), Kimbrough v. United States, 138 S. Ct. 558 (2007), and Gall v. United States, 128 S. Ct. 586 (2007), which Spann claims provide this Court with the discretion to fashion a below-Guidelines sentence in view of the crack amendment. Although Booker rendered the Guidelines advisory, it was not a Guidelines amendment and therefore cannot serve as a basis for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). See Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007). Accordingly, to the extent that Spann requests re-sentencing under Booker and its progeny, the request must be

denied.

## CONCLUSION

Because Spann's applicable Guidelines range remains the same under the amended Guidelines, the Court lacks authority to grant a reduction of sentence under 18 U.S.C. § 3582(c)(2). The motion for a reduction of sentence is denied.

SO ORDERED.

Dated:   New York, New York
         July 31, 2008

*/s/ John F. Keenan*
JOHN F. KEENAN
United States District Judge