**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Barry D. Leiwant
*Interim Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

March 27, 2024

**Via ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

The Court will hold a conference on April 18, 2024 at 12:15 p.m. in Courtroom 12B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

The Clerk of Court is directed to terminate ECF No. 56.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Date: March 29, 2024

**Re:** *United States v. Kevin Spann,*
91-Cr. 812 (JHR)

Dear Judge Rearden:

With the strong support of Mr. Spann's long-term Probation Officer and without objection from the government, pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. 32.1(c)(2)(B), I write to request that the Court terminate Mr. Spann's term of supervised release. Mr. Spann served over thirty years in federal prison for his involvement in an offense involving less than seven kilograms of crack cocaine and possession of a firearm. Mr. Spann commenced his term of supervision on December 23, 2022, and for over fifteen months has fully complied with the conditions of his supervision. He maintains contact with his probation officer as directed, receives ongoing medical and healthcare support, and has been, in all respects, law-abiding.

During this time, Mr. Spann has maintained full compliance even while battling ████████████████████████████████████ stemming from his history of ████████████████████████████. Mr. Spann actively engages with reentry programs, is employed, and supported by family. After consultation and collaboration with the probation department and the government, all parties agree that under the unique circumstances of this case, continued supervision is not only unnecessary, but counterproductive to Mr. Spann's successful reentry.

For the reasons set forth more fully below, I ask the Court to terminate Mr. Spann's supervision pursuant to 18 U.S.C. § 3583(e).

**Legal Standard**

Section 3583(e)(1) provides that this Court, after considering the § 3553(a) factors, may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. When determining whether to grant such an application, the Court is instructed to "consider 'the factors set forth in [18 U.S.C.] §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (quoting 18 U.S.C. § 3583(e)). The statutory factors are: "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the sentence "to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment"; "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; "any pertinent policy statement issued by the Sentencing Commission"; "the need to avoid unwarranted sentence disparities"; and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The Second Circuit has explained that "[s]o long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam). "[T]his at bottom is a discretionary judgment." *United States v. Erskine*, No. 05 CR.1234 (DC), 2021 WL 861270 at *2 (S.D.N.Y. Mar. 8, 2021) (quoting *United States v. Skelsky*, No. 02-CR 1087, 2006 WL 83333, at *1 (S.D.N.Y. Jan. 12, 2006)). And, as described in the S.D.N.Y. Probation Office's Early Termination from Supervision Policy, "[§] 3583(e)(1) does not require 'exceptional conduct' to justify early termination. Instead, a court must simply be satisfied that the termination is warranted and is in the interest of justice." United States District Court for the Southern District of New York Probation Office, *Early Termination from Supervision* (Aug. 2018).

**Background**

A jury convicted Mr. Spann of crack cocaine and firearms offenses after law enforcement officers searched his apartment and seized crack cocaine, drug paraphernalia and a firearm. On November 5, 1992, Judge Keenan sentenced Mr. Spann to a term of thirty-five years in prison to be followed by

ten years of supervised release. Although Mr. Spann was not found to be an organizer or leader and was held accountable for less than seven kilograms of crack-cocaine, the sentence was the bottom of the then-mandatory sentencing guidelines. Despite repeated amendments to the guidelines for crack cocaine offenses, Mr. Spann was not eligible for any reduction of sentence and served the entirety of his sentence. He was released in December of 2022 after serving more than three decades in prison.

In 2022, Mr. Spann, now sixty-one years old, was released from the Bureau of Prisons to a residential reentry center. Since his release, Mr. Spann has been diligently working toward a smooth reintegration into society. He has taken the initiative in finding appropriate reentry services with organizations such the Osborne Association for career development and support services, as well as Exodus Transitional Community Services for housing and ▮▮▮▮▮▮▮▮▮▮▮▮▮. Mr. Spann also receives regular ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In addition to his ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Mr. Spann suffers from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Mr. Spann has successfully navigated various government bureaucracies. In addition to a part-time job providing janitorial services at an HRA facility, he meets his basic needs with food assistance, social security income, and disability income. However, even with part-time employment and his other income, finding stable housing has been challenging.

Mr. Spann was profoundly traumatized by his incarceration. For more than three decades Mr. Spann did not choose when to eat, when to sleep, or when he could breathe fresh air. For more than three decades Mr. Spann did not have a private bathroom. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Regrettably, even before entering prison Mr. Spann had been ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Mr. Spann's sister has offered her brother a place to stay in her home while he awaits a more permanent housing placement. However, Mr. Spann feels too much shame associated with his supervision to accept her help. Mr. Spann experiences his continued supervision as stigmatizing and shameful. This shame is harming his self-esteem and exacerbating his ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. It is, in part, for this reason that Probation Officer

Estreicher reached out to Federal Defenders to request that we file a motion for early termination of supervised release.[1]

In her thoughtful letter, attached as Exhibit A, Mr. Spann's sister, Kim Spann-Sykes, writes "Kevin is mentally enduring a lot of stress due to being justice impacted and not having a stable place to reside. . . It has been difficult to move forward with mandatory Probation conditions with all that he has going in on his life. . .It has been a constant impediment in the process." See Ex. A (Kim Spann-Sykes Letter of Support). His sister is confident that once he is no longer on supervision, he will feel less ashamed and accept her offer of shelter, which will resolve his immediate housing crisis.

In her letter, Ms. Spann-Sykes also discusses her brother's difficulty traveling: "As a part of his disability, he is under Dr's care and is transported by Access a Ride as a form of transportation to and from; due to his phobia." *Id*. Notably, Mr. Spann's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is also triggered by the need to travel to the courthouse to meet with his probation officer, the same location where he was convicted and received such a lengthy prison term.

## **Probation Officer Estreicher Strongly Supports Early Termination**

Probation Officer Michael Estreicher, who has supervised Mr. Spann during the entirety of his transition, has an excellent relationship with Mr. Spann. He is deeply concerned about his well-being. Since Mr. Spann's release from custody, Officer Estreicher has been collaborating with defense counsel, the government and the Federal Defender social work department to assist Mr. Spann with his transition. Officer Estreicher speaks with Mr. Spann at least once per month and sees him in the field once every sixty days. Recently, in connection with his housing issues, they have been in even more regular contact. Based on Officer Estreicher's expertise as a probation officer and his experience supervising Mr. Spann for the past fifteen months, he has concluded that early termination is both warranted by Mr. Spann's

---

[1] Mr. Spann has been meeting regularly with Federal Defender social workers who agree with probation that his ongoing supervision and its accompanying shame and stigma are barriers preventing him from seeking help. *See* Allison Hastings & Kaitlin Kall, *Opening the Door to Healing: Reaching and Serving Crime Victims Who Have a History of Incarceration*, Vera Inst. of Justice, Jan. 28, 2020, at 24, Opening-the-Door-to-Healing-Final-Report.pdf, ("Many internalize the deep societal stigma of being a 'perpetrator' or an 'offender' and believe society cannot view them as victims because they have spent time in a correctional facility.")

conduct and in the "interest of justice." He has communicated his support in the strongest terms: that "probation is on board with the early termination 100%."

After a conference call on March 6, 2024 with defense counsel, Officer Estreicher, Social Worker Brittany Larson, and AUSA Chelsea Scism, all parties agreed that the interest of justice warrant early termination even though Mr. Spann has served less than two years on supervised release. Because continued supervision is adversely affecting Mr. Spann's ▇▇▇▇▇▇▇, including his ability to accept his sister's offer of housing assistance, and in light of the extraordinarily long sentence he served, his age and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, early termination is appropriate at this time. The government does not oppose early termination.

This is the rare case where all parties agree that continued supervision is counterproductive to Mr. Spann's well-being. His involvement with the criminal justice system has gone on long enough.

## Conclusion

Mr. Spann has demonstrated convincingly that his conduct and the interests of justice warrant early termination of supervision. For all the reasons set forth above, and in light of the strong support probation and without objection from the government, I ask the Court to terminate supervision pursuant to 18 U.S.C. § 3853(e).

Respectfully submitted,

/s/
Jennifer Brown
Jesse Offenhartz
Counsel for Kevin Spann
Federal Defenders of New York
Tel.: (212) 417-8722

cc:    Chelsea Scism, AUSA
       Probation Officer Michael Estreicher